UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JASON R. GARRETT,

    Plaintiff,
v.

LINCOLN LIFE ASSURANCE
COMPANY OF BOSTON,

    Defendant.
_____/

## COMPLAINT

The Plaintiff, JASON R. GARRETT ("GARRETT"), by and through his undersigned counsel, hereby sues LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, f/k/a LIBERTY LIFE ASSURANCE COMPANY OF BOSTON ("LINCOLN"), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. GARRETT brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of the plan.

2. GARRETT was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LINCOLN is a corporation with its principal place of business in the Commonwealth of Pennsylvania that is authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LINCOLN, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to GARRETT by LINCOLN.

6. GARRETT was previously an employee of USAA

7. GARRETT was at all times material a plan participant under the USAA Group Disability Income Policy, Policy Number GF3-891-419734-01 (the "LTD Policy"), which was issued by LINCOLN to USAA, the sponsor. It is pursuant to Policy GF3-891-419734-01 to which GARRETT is entitled to benefits. A copy of the LTD Policy as provided by LINCOLN in the Administrative Record is attached as Exhibit "A."

8. The LTD Policy is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LINCOLN is the insurer of benefits under the LTD Policy and was the Plan Administrator or was appointed by the Plan Administrator to act as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, LINCOLN administered the claim with a conflict of interest and the bias this created affected the claims determination. As such,

        LINCOLN is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Policy, GARRETT was entitled to LTD benefits for the duration of his disability, or until age 65 years, so long as he remained disabled as required under the terms of the LTD Policy.

12. According to the LTD Policy,

> "Disability" or "Disabled" means:
>
> i. if the Covered Person is eligible for the 24 Month Own Occupation benefit, "Disability" or "Disabled" means that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and
>
> ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

13. Since approximately December 22, 2017, GARRETT has been disabled under the terms of the LTD Policy.

14. Shortly after becoming disabled, GARRETT made a claim to LINCOLN under the LTD Policy for disability benefits and benefits were initially paid for the period of June 20, 2018 through April 30, 2020.

15. By letter dated April 28, 2020, LINCOLN denied GARRETT's claim for continued benefits beyond April 30, 2020, contending that GARRETT did not continue to qualify for disability benefits beyond April 30, 2020.

16. GARRETT timely and properly appealed LINCOLN's denial of April 28, 2020.

17. By letter dated February 2, 2021, LINCOLN denied GARRETT's appeal and affirmed its previous decision to deny GARRETT's claim for LTD benefits beyond April 30, 2020. The February 2, 2021 denial letter also informed GARRETT that all administrative remedies had been exhausted.

18. At all relevant times, GARRETT complied with all conditions precedent and exhausted

all administrative remedies under the LTD Policy.

19. At all relevant times, as a result of injury or sickness, GARRETT has been unable to perform the Material and Substantial duties of his Own Occupation.

20. At all relevant times, as a result of injury or sickness, GARRETT has been unable to perform, with reasonable continuity, the Material and Substantial duties of Any Occupation.

21. At all relevant times, GARRETT was under the regular care of a doctor.

22. At all relevant times, GARRETT was a Covered Person under the LTD Policy.

23. From May 1, 2020 through the present day, GARRETT has not received benefits owed to him under the LTD Policy despite GARRETT's right to these benefits.

24. LINCOLN has refused to pay GARRETT's LTD benefits since April 30, 2020.

25. At all relevant times, LINCOLN was the payer of benefits.

26. At all relevant times, LINCOLN was the "Insurance Company" identified throughout the LTD Policy.

27. At all relevant times, LINCOLN was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

28. At all relevant times, GARRETT was and remained Disabled and entitled to LTD benefits from LINCOLN under the terms of the LTD Policy.

29. GARRETT has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

30. GARRETT incorporates Paragraphs 1 through 29 as if fully set forth herein.

31. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

32. Pursuant to 29 U.S.C. §1132(a)(1)(B), GARRETT, as a participant under the LTD Policy, is entitled to sue for judicial determination and enforcement of benefits.

33. GARRETT has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of LINCOLN's failure to pay his disability benefits.

34. GARRETT has exhausted all administrative remedies under the LTD Policy.

35. Defendant breached the LTD Policy and violated ERISA in the following respects:

   (a) Failing to pay LTD benefit payments to GARRETT at a time when LINCOLN knew, or should have known, that GARRETT was entitled to those benefits under the terms of the LTD Policy, as GARRETT was disabled and unable to work and therefore entitled to benefits.

   (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Policy documents, in relation to the applicable facts and LTD Policy provisions, for the termination of GARRETT's claim for LTD benefits;

   (c) After GARRETT's claim was terminated in whole or in part, LINCOLN failed to adequately describe to GARRETT any additional material or information necessary for GARRETT to perfect his claim, along with an explanation of why such material is or was necessary.

    (d)  LINCOLN failed to properly and adequately investigate the merits of GARRETT's disability claim and failed to provide a full and fair review of GARRETT's claim.

36. GARRETT believes and thereon alleges that LINCOLN wrongfully terminated his claim for disability benefits under the LTD Policy by other acts or omissions of which GARRETT is presently unaware, but which may be discovered in this future litigation and which GARRETT will immediately make LINCOLN aware of once said acts or omissions are discovered by GARRETT.

37. Following the termination of benefits under the LTD Policy, GARRETT exhausted all administrative remedies required under ERISA and GARRETT has performed all duties and obligations on his part to be performed under the LTD Policy.

38. As a proximate result of the aforementioned wrongful conduct of LINCOLN, GARRETT has damages for loss of disability benefits in a total sum to be shown at the time of trial.

39. As a further direct and proximate result of this improper determination regarding GARRETT's claim for benefits, GARRETT, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), GARRETT is entitled to have such fees and costs paid by LINCOLN.

40. The wrongful conduct of LINCOLN has created uncertainty where none should exist; therefore, GARRETT is entitled to enforce his rights under the terms of the LTD Policy and to clarify his right to future benefits under the terms of the LTD Policy.

## REQUEST FOR RELIEF

WHEREFORE, JASON R. GARRETT prays for relief against THE LINCOLN NATIONAL LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. In the alternative to the relief sought in paragraphs 1, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

3. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

4. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

5. Such other and further relief as this Court deems just and proper.

DATED: July 6, 2021

        ATTORNEYS DELL AND SCHAEFER,
        CHARTERED
        Attorneys for Plaintiff
        2404 Hollywood Boulevard
        Hollywood, FL 33020
        Telephone: (954) 620-8300

        *S/ Alexander A. Palamara*
        ALEXANDER A. PALAMARA, ESQUIRE
        Florida Bar No: 0037170
        Email: alex@diattorney.com
        GREGORY MICHAEL DELL, ESQUIRE
        Florida Bar No: 299560
        Email: gdell@diattorney.com